# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tonya Glover Tuten, ) | |
| ) | |
| ) | Civil Action No.: 8:20-cv-03070-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 16.) The Report addresses Plaintiff Tonya Glover Tuten's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for further administrative proceedings action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-3.) As brief background, on August 22, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (*Id.* at 3.)

1

The ALJ determined Plaintiff had the severe impairments of "major depressive disorder with psychotic features, posttraumatic stress disorder, obesity, spine disorder, and osteoarthritis." (*Id.* at 2.) The ALJ found Plaintiff had the following RFC:

> [T]he claimant has the [RFC] to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) except the claimant could occasionally stoop or climb stairs/ramps, but should never kneel, crouch, crawl or climb ladders, ropes or scaffolds. The claimant should avoid concentrated exposure to unprotected heights and dangerous unprotected moving mechanical parts. She should have no work in extreme cold. The claimant's ability to understand, remember and carry out instructions allows her to perform simple, routine tasks. Her use of judgment allows her to make simple work-related decisions. She should have no required close, team-type or tandem interaction with coworkers and no more than incidental contact with the general public. She is able to tolerate few changes in a routine work setting.

(*Id.*)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 3.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on August 26, 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (ECF No. 16.) In particular, the Magistrate Judge noted the ALJ's conclusion that Plaintiff's medical record did not "demonstrate disorder of the spine resulting in compromise of a nerve root or the spinal cord to meet Listing 1.04 of the Listing of Impairments." (*Id.* at 15.) The Magistrate Judge explained the ALJ reached this conclusion without explanation or elaboration, and without considering a substantial record of evidence which included "references to [Plaintiff's] spinal stenosis of the lumbar region, . . . nerve root compression characterized by neuro-anatomic

2

distribution of pain, limitation of motion of the spine, muscle weakness, decreased sensation, and positive straight-leg raising test." (*Id.*)  In addition, the Magistrate Judge noted the ALJ "discounted evidence of record that might support Plaintiff's condition" without explanation. (*Id.* at 16.)  This evidence included Plaintiff's consistent testimony about severe and long-lasting back pain, physician notes indicating "pretty substantial scoliosis" in Plaintiff's back, MRI tests showing "diffuse bulge[s] at desiccation at L4-5 and L5-S1," decreased sensation in Plaintiff's knees and legs, gross levoscoliosis of Plaintiff's lumbar spine, along with joint tenderness and decreased ranges of motion. (*Id.* at 16-17.)  Incredibly, the ALJ's conclusory, three-sentence discussion of Plaintiff's impairments does not address or reconcile this evidence with his determination.

The Magistrate Judge concluded the ALJ's analysis did not meet the standard articulated in *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) requiring an ALJ to discuss and resolve conflicting evidence on the record to assure a reviewing court that all evidence was properly considered and weighed. (*Id.* at 17.)  Therefore, the Magistrate Judge reasoned the ALJ's determination constituted reversible error, and recommended the matter be remanded for further administrative proceedings on this ground and Plaintiff's remaining allegations of error. (*Id.* at 17-18.)

The parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 16.)  On September 24, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 17.)  Plaintiff has not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a

3

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 16 at 14-18.) The Commissioner notified the court he will not file objections (ECF No. 17) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**,

4

and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 14, 2021
Columbia, South Carolina